Peck, J.
delivered the opinion of the court/
The plaintiffs bring their suit upon the bond given by the former guardian, Peter Willis. The form of the action is given by the act of 1825, ch. 45, sec. 1, in the name of the Justices, for the use of the said Floyds, &c. The declaration is in the usual form j upon the bond, assigning for breaches, that the said Willis, although requested, would not deliver up and pay to him, said Thompson, all and singular the estate of *462 said orphans, the Floyds, in the hands of said Willis; that he had received of the estate large sums of money, goods, chattels, lands and slaves, amounting to $5000; nevertheless, he had not kept, &c. hut had broken the conditions of his bond: 1st. By not improving the estate. 2. In not surrendering the same when demanded. 3. In not acting according to law and his bond. The defendant craves oyer of the bond, sets it out, and demurs. The circuit court sustained the demurrer; and now it is argued upon error in this court, that a suit upon the bond will not lie in the first instance; that the former guardian, by petition, should have been made to account, and the amount with which he is chargeable having been ascertained, then a suit upon the bond, so as to reach the security.
We hold, that it is not with the guardian in default to dictate the form in which he shall be reached. The election is given to the plaintiff, which mode he will adopt. Nor is the argument any better when he urges, that a court of law, upon the bond, will have difficulty in reaching the merits, or fixing the extent of liability. How does the argument comport with his duty as a guardian? Under the 9th section of the act of 1762, he is bound on oath, to render an account yearly, of the condition of the estate in his hands; this account, when rendered, is made a matter of evidence, (if not matter of record,) for the benefit of the wards. The law supposes this to have been done; and if not done, and the evidence which should thus have been furnished, kept back, the action on the bond may be the preferable remedy, nay, the only one left, that by possibility might reach the merits of the controversy. The guardian says, reach my conscience in equity. The ward replies, had you been-true to that monitor, you would have accounted and surrendered without suit; you have done neither. The law, in such a case, will not be over cautious, if a jury, in the suit upon the bond; *463 should give damages upon such dereliction, to cover all that by possibility the unaccounting guardian may have kept back. To one in this trust, who has been faith-fill, the law will afford all its protection; but the guardian in default is obnoxious to the law, and he will, in the hands of a court and jury, be treated accordingly. If the weight of a verdict should drive him into a court of equity, he will do well to consider of the weight of the plea against him. You have withheld both the estate and the evidence touching it. We are all of opinion the party may elect to sue upon the bond in the first instance, and that it may sometimes be the only fit remedy to attain right.
Taul, for plaintiff in error.
Rucks, for (fomplainant.
Judgment reversed.